UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

KOOR ANUR a/k/a ERIC HOLMES,    )
                                )
                    Plaintiff,  )
          vs.                   )       No. 1:10-cv-462-WTL-TAB
                                )
RICHARD POSNER, et al.,         )
                                )
                    Defendants. )

**Entry and Order Directing Dismissal of Action**

Notwithstanding that the court has granted the plaintiff's request to proceed *in forma pauperis*, the action must be **dismissed**. This conclusion rests on the following facts and circumstances:

1. The plaintiff is an Indiana prisoner who has a federal habeas corpus history partially chronicled in *Holmes v. Levenhagen,* 600 F.3d 756 (7th Cir. 2010). Following this most recent appellate decision, the plaintiff filed this lawsuit against the members of the appellate panel, the district court judge who had issued the decision which had been appealed, and one of his court-appointed attorneys in the case. The lawsuit reflects the plaintiff's umbrage at having been referred to (in the appellate decision) as "clearly insane," which the plaintiff characterizes as an "illegal diagnosis." He seeks unspecified damages.

2. Because the plaintiff is a prisoner his complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

3. The claims against the judicial defendants–defendants Posner, Bauer, Wood, and McKinney–are barred because of these defendants' absolute immunity from suit for judicial acts not taken in the absence of jurisdiction, which is the case here. *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)(judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction).

4. The claim against the remaining defendant, Michael Benza, is not viable here

because (a) this defendant is not alleged to have acted "under color of state law" such as would be required to support a claim pursuant to 42 U.S.C. § 1983, (b) this defendant did not act under color of federal law in representing the plaintiff, *see, e.g., Christian v. Crawford,* 907 F.2d 808 (8th Cir. 1990); *Cox v. Hellerstein,* 685 F.2d 1098 (9th Cir. 1982); *Black v. Bayer,* 672 F.2d 309, 314 (3rd Cir. 1982), and (c) there is no allegation of citizenship such as would be required to support the exercise of diversity jurisdiction.

5. For the reasons explained above, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/13/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana